# EXHIBIT "1"

HESS • BOWER • ADAMS-HESS, PC
Randy M. Hess (SBN 88635)
Pamela A. Bower (SBN 151701)
2105 S. Bascom Avenue, Suite 200
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250

Attorneys for Plaintiffs
GOLDEN OPPORTUNITY
INVESTMENTS, LP and PAMA
MANAGEMENT, INC.

FILED
SUPERIOR COURT-STOCKTON
2020 NOV 19 PM 3:49
BRANDON E. RILEY, CLERK
BY JESSICA CAYO
DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

### CIVIL - UNLIMITED JURISDICTION

GOLDEN OPPORTUNITY INVESTMENTS, LP; and PAMA MANAGEMENT, INC.,

Plaintiffs,

vs.

FALLS LAKE NATIONAL INSURANCE COMPANY, and DOES 1 to 50, inclusive,

Defendants.

Case No. STK-CV-UIC-2020-9707

**COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH**

[This case is not a limited civil case and the demand exceeds $25,000.]

**JURY TRIAL DEMANDED**

Plaintiffs GOLDEN OPPORTUNITY INVESTMENTS, LP and PAMA MANAGEMENT, INC. allege as follows:

**GENERAL ALLEGATIONS**

1. Plaintiffs GOLDEN OPPORTUNITY INVESTMENTS, LP and PAMA MANAGEMENT, INC. (referred to collectively as "Plaintiffs" or "Insured Members") seek damages for breach of insurance contract and for breach of the implied covenant of good faith and fair dealing ("insurance bad faith") arising under a policy of insurance issued by Defendant FALLS LAKE NATIONAL INSURANCE COMPANY ("FALLS LAKE").

2. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants FALLS LAKE was, and is, an insurance provider issuing policies to insureds residing in, or doing business in, the State of California. At all relevant times, Defendant FALLS LAKE transacted insurance business in the State of California and the County of San Joaquin. Defendant FALLS LAKE issued a policy of All Risks Property Coverage to The Members of Commercial Industrial Building Owner's Alliance, Inc. ("CIBA") and to Plaintiffs as Insured Members of CIBA, for the policy period from March 31, 2019, through March 31, 2020 (the "All Risks Policy"). Defendant FALLS LAKE's obligation to issue payment of insurance benefits to Plaintiffs arose upon tender of an insurance claim for losses and damages to Plaintiffs' property located at 211 W San Carlos Way, Stockton, CA 95207 (the "Subject Property") and arising during the policy period described above.

3. Plaintiffs are informed and believe and thereon allege that Defendant FALLS LAKE, by and through its duly authorized agent, and/or DOES 1 to 50, inclusive, for valuable consideration, executed, delivered and issued to CIBA and/or to Plaintiffs or either of them as Insured Members of CIBA, the All Risks Policy that provided property and related coverage for the Subject Property. Plaintiffs provided valuable consideration (premiums and/or other payments) in exchange for which Defendants, by duly authorized agents, agreed to, and did, execute, deliver and issue the All Risks Policy to CIBA and/or Plaintiffs within the State of California. The All Risks Policy by its terms was effective at all times herein relevant and was maintained in full force and in effect at all times herein relevant.

4. Plaintiffs are informed and believe and thereon allege that Defendant FALLS LAKE, through its employees, agents, claims administrators, and/or representatives, and/or DOES 1 to 50, inclusive, purported to handle, investigate, retain experts for, and otherwise respond to and pay the Plaintiffs' claim for policy benefits under the All Risks Policy and thereafter denied the claim in its entirety, depriving Plaintiffs of policy benefits. Defendants and each of them were or are in some way responsible for the complete denial of all benefits, which was wrongful, in breach of the All Risks Policy, and in violation of California law.

HESS • BOWER ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH   Page 2

5. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names ("DOES"). Plaintiffs pray leave to amend this complaint to allege the true names and capacities of said DOES when the same are ascertained. Plaintiffs are informed and believes, and thereon alleges, that each of the said fictitiously-named DOES is responsible and liable in some manner for the occurrences herein alleged, or upon the All Risks Policy, and that Plaintiffs' losses and damages as herein alleged were proximately caused by Defendants' breach of contract and/or wrongful conduct. Plaintiffs are further informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were acting as the agents, servants, successors, predecessors, principals, joint venturers, and employees of each other, and were acting within the full course and scope of said relationships, and with the full knowledge, consent and ratification, either expressed or implied, of each of the other said named Defendants.

6. The All Risks Policy was intended to provide coverage for Plaintiffs, who at all relevant times have done business in and who have owned, operated and/or maintained the Subject Property in the County of San Joaquin, State of California. Plaintiffs were, at all times referred to herein, Insured Members entitled to coverage under the All Risks Policy for all risks of loss occurring to the Subject Property and all real and personal property thereon. On the date of loss reported to Defendants, the Subject Property sustained extensive damage as a result of a cause of loss not excluded by the All Risks Policy, and Plaintiffs sustained substantial damages and losses, including repair costs, replacement costs, costs of retaining contractors, experts and consultants, loss of use of the property, loss of business income, extra expenses, and other losses coming within the scope of the benefits owed to Plaintiffs under the All Risks Policy. Upon Plaintiffs' timely tender of its claim under the aforementioned All Risks Policy, Defendants were obligated to investigate the claim fully and were further obligated to make prompt and timely payment to Plaintiffs for the losses occurring to the Subject Property during the policy period described herein. In violation of

HESS • BOWER
ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH                Page 3

their obligations under the Subject Policy, and in violation of the implied covenant of good faith and fair dealing, Defendants denied Plaintiffs' claim for policy benefits. Defendants also failed to properly evaluate, investigate, handle, consider and/or pay Plaintiffs' claim for coverage and benefits under the Subject Policy and under established California law.

7. Defendants' conduct, in these and other particulars outlined herein, violated the express and implied terms of the All Risks Policy, the implied covenant of good faith and fair dealing, and California law. Plaintiffs seek damages for breach of the insurance contract and for the breach of the implied covenant of good faith and fair dealing. Plaintiffs also seek recovery of their attorneys' fees and costs incurred in order to obtain the benefits of the insuring agreement. Plaintiffs also seek punitive or exemplary damages from Defendants to punish and deter such conduct, as set forth herein.

## JURISDICTION AND VENUE

8. This matter is subject to the jurisdiction of this Court. Plaintiffs are California entities doing business in California and in particular in the County of San Joaquin. The Subject Property owned, operated and/or managed by Plaintiffs is located in the City of Stockton, County of San Joaquin, and the said property sustained damage in, and Plaintiffs sustained losses incurred in, the County of San Joaquin.

9. At all relevant times herein, Defendants were and are in the business of insurance and were doing business throughout the State of California, including in the County of San Joaquin. Defendants issued an All Risks Policy to insureds including Plaintiffs within the State of California and in the County of San Joaquin. In addition, the All Risks Policy specifically establishes that jurisdiction shall be in the place of the insured location, which in this case is the location of the Subject Property in the City of Stockton, County of San Joaquin.

## SPECIFIC FACTUAL ALLEGATIONS

10. During the policy period identified herein, the Subject Property sustained physical damage coming within the coverage of the All Risks Policy issued by Defendants for

HESS • BOWER
ADAMS-HESS
2105 S. BASCOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH    Page 4

the benefit of the Plaintiffs. The Subject Property is an apartment building consisting of 94 units, over 60 of which sustained damage during a severe storm involving heavy wind, hail and/or rain. Plaintiffs sustained losses and damage to the property, both real and personal, as well as related business income losses and extra expense losses coming within the scope of coverage. Plaintiffs timely presented their claim for benefits under the All Risks Policy.

11. Defendants retained employees, agents, administrators, consultants or representatives to investigate Plaintiffs' claims, but they refused to extend coverage, issuing a complete denial of coverage under the All Risks Policy. Defendants refused to pay any benefits under the All Risks Policy and refused to perform an unbiased and complete investigation of the losses sustained. Defendants further refused to provide requested information to the insured and refused to honor reasonable requests for a tolling agreement to allow Plaintiffs and their consultants the opportunity to review information improperly withheld from Plaintiffs then belatedly supplied by or on behalf of Defendants.

12. Defendants' refusal to conduct an unbiased, full and complete investigation of the claims made by Plaintiffs and their further refusal to pay policy benefits to Plaintiffs in whole or in part violate the All Risks Policy as well as the implied covenant of good faith and fair dealing contained therein and arising under California law.

13. The All Risks Policy for the period March 31, 2019 through March 31, 2020 provides coverage as follows:

    a. The policy covers the interest of the insureds in all real property, including improvements and betterments, foundations and supports, flues, wiring and plumbing, owned, used, or intended for use by the insureds, or thereafter constructed, erected or installed;

    b. The policy covers additions under construction, alterations and repairs to buildings or structures and materials, equipment, supplies and temporary structures;

    c. The policy covers personal property owned by the insureds used to maintain or service the buildings or structures or the premises, including fire extinguishing

equipment, outdoor furniture, floor coverings and appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

   d. The policy covers the interest of the insured in all business personal property located in or on the Subject Property;

   e. The policy covers loss of income sustained by the Named Insured resulting directly from the necessary untenantability caused by direct physical loss, damage or destruction by a covered peril during the term of the policy, including rental income, fair rental value, income from loss of condominium fees;

   f. The policy also covers extra expense, including reasonable and necessary expenses incurred by the Named Insured that would not have been incurred had no direct physical loss or damage to property caused by ore resulting from an insured peril;

   g. The policy contains other relevant coverages as will be established according to proof.

  14. Plaintiffs have fully complied with all conditions and requirements of the All Risks Policy, have cooperated with Defendants and its retained adjusters, consultants and/or counsel with regard to the investigation of the claims, and Plaintiffs have timely commenced this action pursuant to the terms of the All Risks Policy and/or agreements between Plaintiffs and Defendants regarding tolling of limitations periods.  Plaintiffs have provided information to Defendants showing their claims for losses or damage come within the scope of the All Risks Policy, and Defendants have not met their burden of establishing that the losses or damage claimed by Plaintiffs come within the scope of any exclusion from coverage.

  15. Defendants improperly denied coverage without completing its investigation of coverage and without considering information and evidence supplied on behalf of Plaintiffs confirming the physical loss or damage to the Subject Property came within the coverage of the All Risks Policy. Defendants' denial of coverage has resulted in substantial losses and damages to Plaintiffs. Defendants owe policy benefits in excess of $2,000,000, in addition to costs, interest, attorneys' fees, consequential damages, tort damages, and other losses.

HESS • BOWER
ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH Page 6

Plaintiffs are entitled to policy benefits plus all other amounts allowable by law, according to proof.

## FIRST CAUSE OF ACTION FOR
## BREACH OF INSURANCE CONTRACT

(AGAINST ALL DEFENDANTS)

16. Plaintiffs reallege and incorporate by reference paragraphs 1 through 15, inclusive, as though set forth fully herein.

17. Defendants issued Policy No. CIBA-000002-00 to the "Member of Commercial Industrial Building Owner's Alliance, Inc. ("CIBA") holding valid evidence of Commercial Property Insurance as issued by CIBA Insurance Services, Inc., on behalf of the Company (Falls Lake National Insurance Company)." Plaintiffs GOLDEN OPPORTUNITY INVESTMENTS, LP and PAMA MANAGEMENT, INC. hold valid evidence of insurance under the All Risks Policy as issued by CIBA.

18. Plaintiffs, at all times herein mentioned, have performed all of the terms and conditions to be performed by them under the All Risks Policy issued by Defendants, or have been excused from performing all terms and conditions required. All premiums for said policies have been paid, and Plaintiffs have complied with all obligations imposed upon them by virtue of the All Risks Policy and California law. Plaintiffs intended and expected by the purchase of the All Risks Policy and by their compliance with the terms and conditions thereof to be assured financial and economic stability and security in the event of claims covered under the said policy.

19. Pursuant to the All Risks Policy issued by Defendants, it was agreed that in return for premiums paid by or on behalf of Plaintiffs, Defendants would pay for losses within the coverage of the said policy.

20. Plaintiffs timely submitted their claim for insurance benefits under the All Risks Policy, as set forth in detail in the preceding paragraphs and further herein relating to loss or damage to the Subject Property.

HESS • BOWER
ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH    Page 7

21. Defendants failed and refused to pay the claim for loss or damage and instead denied the claim without proper basis and in breach of the insuring agreement. Defendants breached the All Risks Policy by refusing and failing to investigate the claim fully and by refusing and failing to provide coverage or benefits thereunder, as required upon Plaintiffs' submission of the claim, and Defendants withheld information from Plaintiffs, then they denied the claim without allowing Plaintiffs the opportunity to have their claim evaluated and investigated in full. Defendants' breaches of the All Risks Policy include but are not limited to the following:

   a. Failing and refusing to make a reasonable, prompt and adequate investigation of the claims for policy benefits;

   b. Failing and refusing to adopt, implement, or follow reasonable standards for the reasonable and adequate investigation and processing of claims arising under the All Risks Policy issued by Defendants;

   c. Failing and refusing to provide a reasonable explanation to Plaintiffs of the insurance policy terms relied upon in denying Plaintiffs' claims for policy benefits;

   d. Failing and refusing to consider Plaintiffs' interests equal to Defendants' own interests;

   e. Requiring Plaintiffs to retain and pay for attorneys to attempt to obtain benefits due under the All Risks Policy, and to file an action to obtain coverage for benefits due under the All Risks Policy, and to incur attorneys' fees to obtain benefits to which Plaintiffs were always entitled;

   f. Misrepresenting to Plaintiffs pertinent facts, law and/or policy provisions in connection with the wrongful denial of coverage;

   g. Applying an unduly restrictive interpretation of policy terms, including failing to apply the All Risks Policy language, for the purpose of denying coverage or avoiding payment under policy;

HESS • BOWER
ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH   Page 8

   h. Subjecting payment to conditions and terms not included in the All Risks Policy; and

   i. By the above and other conduct, violating the insuring agreement and the contractual duty of good faith and fair dealing.

22. As a direct and proximate result of Defendants' acts, errors and omissions as herein alleged, and Defendants' breaches of the All Risks Policy, Plaintiffs sustained losses and damage, including loss of policy benefits and other economic losses and special and general damages in amounts not fully ascertained, but within the unlimited jurisdiction of the Superior Court.

23. Plaintiffs have been damaged in an amount according to proof at trial, and in excess of the Court's jurisdiction.

WHEREFORE, Plaintiffs pray judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(As to all Defendants)

24. Plaintiffs reallege and incorporate herein by reference the allegations contained in Paragraphs 1 through 23, as though fully set forth herein.

25. At all times herein relevant, when Defendants entered into the All Risks Policy alleged herein and accepted premiums, they agreed, and were legally bound to act in good faith and deal fairly with Plaintiffs, and thereby assumed obligations of good faith and fair dealing toward Plaintiffs and were legally bound to abide by such obligations. Nevertheless, as set forth more particularly herein, Defendants failed and refused to act in good faith or deal fairly with Plaintiffs, and otherwise breached the implied covenants of good faith and fair dealing.

26. Without any reasonable basis for doing so, and with full knowledge and/or reckless disregard of the consequences thereof, Defendants, and each of them, failed and

refused to provide coverage and/or benefits due under the All Risks Policy and the laws of the State of California, all in violation of Defendants' duties of good faith and fair dealing.

27. Defendants' acts, errors and omissions in violation of their obligations of good faith and fair dealing include, but are not limited to, the following:

    a. Failing and refusing to make a reasonable, prompt and adequate investigation of the claims for policy benefits;

    b. Failing and refusing to adopt, implement, or follow reasonable standards for the reasonable and adequate investigation and processing of claims arising under the All Risks Policy issued by Defendants;

    c. Failing and refusing to provide a reasonable explanation to Plaintiffs of the insurance policy terms relied upon in denying Plaintiffs' claims for policy benefits;

    d. Failing and refusing to consider Plaintiffs' interests equal to Defendants' own interests;

    e. Requiring Plaintiffs to retain and pay for attorneys to attempt to obtain benefits due under the All Risks Policy, and to file an action to obtain coverage for benefits due under the All Risks Policy, and to incur attorneys' fees to obtain benefits to which Plaintiffs were always entitled;

    f. Misrepresenting to Plaintiffs pertinent facts, law and/or policy provisions in connection with the wrongful denial of coverage;

    g. Applying an unduly restrictive interpretation of policy terms, including failing to apply the All Risks Policy language, for the purpose of denying coverage or avoiding payment under the said policy;

    h. Subjecting payment to conditions and terms not included in the All Risks Policy; and

    i. By the above and other conduct, violating the terms of the insurance policies, including the implied covenant of good faith and fair dealing, as well as the California Insurance Code and regulations issued by the California Department of Insurance.

HESS • BOWER
ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

28. As a direct and proximate result of Defendants' acts, errors, and omissions as herein alleged, and Defendants' breaches of the All Risks Policy and/or the implied covenants contained therein, Plaintiffs were compelled to engage and pay counsel to pursue benefits to which Plaintiffs were entitled under the All Risks Policy; incurred attorneys' fees to obtain the benefits to which Plaintiffs were entitled under the All Risks Policy; and other economic and non-economic losses and special and general damages in amounts not fully ascertained, but within the unlimited jurisdiction of the Superior Court.

29. Defendants' conduct in violation of the duties of good faith and fair dealing occurred despite their knowledge that, under the terms of Defendants' policies and California law, Plaintiffs had a reasonable expectation of payment of benefits due and nevertheless Defendants wrongfully refused to acknowledge coverage and/or wrongfully denied coverage and/or wrongfully attempted to avoid payment for amounts owed as set forth herein.

30. Plaintiffs are informed and believe and thereon allege that Defendants have engaged in a practice of refusing coverage under its All Risks Policies, improperly shifting the obligation to the insureds to prove coverage under the said policy rather than acknowledging that the said policy places the burden on Defendants to prove the claims come within an exclusion from coverage; that Defendants have engaged in a practice of refusing to fully investigate claims for coverage, of hiring biased consultants to bolster denials of coverage; of completing a shoddy, substandard investigation designed to avoid coverage rather than performing an investigation in an effort to confirm coverage; that Defendants have engaged in a practice of withholding evidence from its investigation of the claim from its insureds, in an effort to prevent its insureds from evaluating the insurers' investigation and compliance with its obligations under its policies; and that such conduct is engaged in unreasonably and in violation of the standards of practice required of insurers doing business in California, among other patterns of conduct, all in violation of Defendants' duties of good faith and fair dealing.

31. Plaintiffs contend that Defendants acted with malice, fraud or oppression in connection with the conduct alleged in paragraphs 25 through 30, which paragraphs are

HESS • BOWER
ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH    Page 11

expressly incorporated herein by reference. In particular, Defendants acted with reckless disregard of the likelihood of causing Plaintiffs financial distress and acted in conscious disregard of the rights of Plaintiffs, to further Defendants' own economic interests to Plaintiffs' prejudice. Defendants' refusals to acknowledge coverage under its All Risks Policy or to reasonably evaluate the evidence contrary to Defendants' improper determination of no coverage were made with the intent to intimidate and harass Plaintiffs and to discourage Plaintiffs from pursuing their rights under the All Risks Policy.

32. In order to deter such reprehensible and bad faith conduct of Defendants in the future as alleged herein, and to prevent repetition thereof as a practice, by way of punishment and as example, Plaintiffs pray that, pursuant to Civil Code § 3294, exemplary damages be awarded in an amount according to proof at trial.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST AND SECOND CAUSES OF ACTION:**

1. For general and special damages according to proof;
2. For interest on said damages at the legal rate, according to proof;
3. For costs of suit herein incurred; and
4. For such other and further relief as the Court may deem just and proper.

**AS TO THE SECOND CAUSE OF ACTION ONLY:**

1. For all attorneys' fees and expenses incurred by Plaintiffs to obtain the policy benefits to which Plaintiffs are entitled in an amount according to proof; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

HESS • BOWER ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH        Page 12

2. For punitive or exemplary damages against Defendants according to proof.

Dated: November 19, 2020  Respectfully submitted,

HESS • BOWER • ADAMS-HESS, PC

By: *Pamela Bower*
Randy M. Hess
Pamela A. Bower
Attorneys for Plaintiffs
GOLDEN OPPORTUNITY
INVESTMENTS, LP; and PAMA
MANAGEMENT, INC.

### PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury as to all matters on which a jury is permitted under applicable law.

Dated: November 19, 2020  Respectfully submitted,

HESS • BOWER • ADAMS-HESS, PC

By: *Pamela Bower*
Randy M. Hess
Pamela A. Bower
Attorneys for Plaintiffs
GOLDEN OPPORTUNITY
INVESTMENTS, LP; and PAMA
MANAGEMENT, INC.

HESS • BOWER ADAMS-HESS
2105 S. BASOM, STE. 200.
CAMPBELL, CA 95008
(408) 341-0234
Fax (408) 341-0250

COMPLAINT FOR BREACH OF INSURANCE CONTRACT AND INSURANCE BAD FAITH    Page 13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: Randy M. Hess (SBN 88635)/Pamela Bower (SBN 151701) HESS • BOWER • ADAMS-HESS, PC 2105 S. Bascom Avenue, Suite 200 Campbell, CA 95008 TELEPHONE NO.: (408) 341-0234   FAX NO.: (408) 341-0250 ATTORNEY FOR *(Name)*: PLAINTIFF, GOLDEN OPPORTUNITY INVESTMENTS, LP, et al. | FOR COURT USE ONLY FILED SUPERIOR COURT-STOCKTON 2020 NOV 19 PM 3:40 BRANDON E. RILEY, CLERK BY JESSICA CAYO DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E. Weber Avenue, Suite 200
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME:

CASE NAME:
GOLDEN OPPORTUNITY INVESTMENTS, et al. v. FALLS LAKE NATIONAL INSURANCE CO.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | STK-CV-UIC-2020-9707 DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*: 2
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 19, 2020

Pamela A. Bower
(TYPE OR PRINT NAME)

▶ /s/ Pamela Bower
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

FILED BY FAX

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FALLS LAKE NATIONAL INSURANCE COMPANY, and DOES 1 TO 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GOLDEN OPPORTUNITY INVESTMENTS, LP; and PAMA MANAGEMENT, INC.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SUPERIOR COURT STOCKTON
2020 NOV 19 PM 3:49
BRANDON E. RILEY, CLERK
JESSICA GAYO
BY_____ DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
180 E. Weber Avenue, Suite 200, Stockton, CA 95202

CASE NUMBER *(Número):* STK-CV-UIC-2020-9707

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randy M. Hess (Bar # 88635)/Pamela A. Bower (Bar # 151701)
HESS • BOWER • ADAMS-HESS, PC
2105 S. Bascom Avenue, Suite 200, Campbell, CA 95008
Fax No.: (408) 341-0250
Phone No.: (408) 341-0234

DATE: NOV 1 9 2020   BRANDON E. RILEY   Clerk, by JESSICA GAYO, Deputy
*(Fecha)*                                *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

FILED BY FAX

# SUPERIOR COURT OF CALIFORNIA

**County of San Joaquin**
180 E Weber Avenue
Stockton, CA 95202

## NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING

Case Number: STK-CV-UIC-2020-0009707

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 05/26/2021 | Time:  8:45 AM Department: 10A |
|---|---|---|
| **JUDGE** | **COURT LOCATION** | **PHONE Numbers:** |
| THIS CASE HAS BEEN ASSIGNED TO JUDGE GEORGE J. ABDALLAH IN DEPARTMENT 10A FOR ALL PURPOSES, INCLUDING TRIAL. | Stockton | Stockton: 209-992-5693<br>Lodi:      209-992-5522 |

[ X ]  ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. As of May 4, 2020, all civil hearings scheduled in Departments 10A, 10B, 10C, 10D and 11B will be held remotely by telephone using the court's system until further notice. Requests to appear telephonically for civil hearings in other departments may be made by contacting the Clerks Office. For mandatory telephonic appearance information and instructions visit @ https://www.sjcourts.org/how-to-appear-remotely-civil/.

3. If this case was eFiled, the plaintiff/petitioner or their attorney must access their copy of this notice and the issued summons for service from the court's case management system at the following link: cms.sjcourts.org/fullcourtweb/start.do. Disregard hearing date if that date has expired.

4. **Courtesy Copies:** Courtesy copies are required for all Motions for Summary Judgment, Summary Adjudication and for all CEQA cases. Individual Judges/Departments have additional requirements for courtesy copies. Please review this information located on the public website @ https://www.sjcourts.org/divisions/civil/.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 11/20/2020                                                                                              Jessica Cayo             ,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND NOTICE OF HEARING**

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Randy M. Hess, Esq.  (SBN 88635)<br>Adleson, Hess & Kelly<br>577 Salmar Ave., 2nd Fl<br>Campbell, CA 95008<br>  TELEPHONE NO.: (408) 341-0234<br>  ATTORNEY FOR: Plaintiff | FOR COURT USE ONLY<br>SUPERIOR COURT-STOCKTON<br>2021 JAN 19 PM 4: 12<br>BRANDON E. RILEY, CLERK<br>BY TRUDY L HALE<br>DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN<br>  STREET ADDRESS: 180 E Weber Ave, Ste 200<br>  MAILING ADDRESS: 222 E. Weber<br>  CITY AND ZIP CODE: Stockton, 95202<br>  BRANCH NAME: | BY FAX |
| PLAINTIFF: Golden Opportunity Investments LP<br>DEFENDANT: Falls Lake National Insurance Company, et. al. | CASE NUMBER:<br>STK CV UIC 2020 9707 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. *I served copies of:*
   f. other (specifiy documents):
   Summons; Complaint; Civil Case Sheet; Demand for Jury Trial and Notice of Deposit of Advance Jury Fees Notice of Case Assignment and Notice of Hearing

3. a. Party served:
      Department Of Insurance On Behalf Of Falls Lake National Insurance Company

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):
      Agent: Government Law Bureau / Authorized To Accept

4. Address where the party was served:
   300 Capital Mall, Suite 1700, Sacramento, CA 95814

5. I served the party
   b. **by substituted service.** On 1/15/2021 at 2:40 pm I left the documents listed in item 2 with or in the presence of:
      Steve Doe (refused last name) / Apparently in Charge
      Description: Age: 50, Sex: m, Race/Skin Color: asian, Height: 5'7", Weight: 135, Hair: black, Glasses: y

      (1) **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on
      1/18/2021 from San Jose CA

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. On behalf of: Department Of Insurance On Behalf Of Falls Lake National Insurance Company
      under the following Code of Civil Procedure section:
         416.10 (corporation)

Page 1 of 2

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**   Job Number COP-2021000537

FILED BY FAX

| PLAINTIFF: Golden Opportunity Investments LP | CASE NUMBER: |
|---|---|
| DEFENDANT: Falls Lake National Insurance Company, et. al. | STK CV UIC 2020 9707 |

7. **Person who served papers**
   a. Name: Stefan Fahrner
      Firm: County Process Service, Inc.
   b. Address: 31 E. Julian Street, San Jose, CA 95112
   c. Telephone number: (408) 297-6070
   d. **The fee for the service was:** $130.00
   e. I am:
      (3) a registered California process server:
         (i) employee
         (ii) Registration No.: PS1676
         (iii) County: Santa Clara County

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/18/21

_____
Stefan Fahrner
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

Page 2 of 2

Judicial Council of California
POS-010 [Rev. January 1, 2007]
Form adopted by rule 982.9

**PROOF OF SERVICE OF SUMMONS**

Job Number COP-2021000537